**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1616
_____

LPP MORTGAGE LTD;  f/k/a
LOAN PARTICIPATION PARTNERS, LTD.,
SIWEL, INC, D/B/A CAPITAL MORTGAGE SERVICES
OF TEXAS

v.

STEPHEN CARPENTER; PAMELA CARPENTER;
UNITED STATES SMALL BUSINESS ADMINISTRATION

Pamela A. Carpenter,
Appellant

_____

On Appeal from the District Court
of the Virgin Islands
(District Court No.: 3-09-cv-00015)
District Court Judge:  Honorable Harvey Bartle, III

_____

Submitted under Third Circuit LAR 34.1(a)
on May 13, 2014

(Opinion filed: June 9, 2014 )

BEFORE:  RENDELL, FUENTES and GREENAWAY, JR., Circuit Judges

**RENDELL**, Circuit Judge:

In this appeal, Pamela F. Carpenter seeks to have us vacate the order entered on February 2, 2011, permitting her former counsel, Eszart Wynter, to withdraw from representing her. Carpenter also contests the District Court's orders that granted summary judgment in favor of Appellees, and denied reconsideration thereof. The underlying litigation in the District Court was a mortgage foreclosure action, originally commenced in 2006 in the Superior Court of the Virgin Islands, and removed to the District Court of the Virgin Islands in January 2009.

In a memorandum opinion issued on December 21, 2012, setting forth the reasons why it would not reconsider the summary judgment granted to Appellees, the District Court outlined the chronology of events at issue. Of note, in November 2011, Carpenter's attorney, Eszart Wynter, filed a motion to withdraw as counsel.[1] The motion was granted in an order dated February 2, 2012, and Wynter was instructed by the Court to send a copy of the order to Carpenter, as well as file a certificate of service on the docket. Wynter failed to comply with both directives. However, Carpenter learned of Wynter's withdrawal apparently by late March 2012, as she filed a pro se answer to plaintiff Capital's complaint.

---

[1] The basis for the motion, as averred by Wynter, was an undisclosed breakdown in the attorney-client relationship.

Appellees moved for summary judgment some six months later, in September, and Carpenter was served with the motion and received the District Court's scheduling order, which required any opposition to be filed by October 12, 2012. Carpenter filed no opposition, and on October 25, the District Court granted summary judgment in favor of Appellees, and filed a 16-page Memorandum Opinion detailing the allegations and concluding that Appellees were entitled to judgment in their favor.

Later, on October 25, Carpenter filed an "Answer to the Third Scheduling Order" in which she noted the difficulty she had obtaining her file from Wynter, and states that a prior settlement agreement made summary judgment "time consuming, unnecessary, unwarranted and wrong." (App. 152.) On November 8, 2012, Carpenter, then represented by new counsel, filed a Motion for Reconsideration, to vacate the summary judgment order and allow more time for her to respond. She contended, first, that the Court should not have granted Wynter's request to withdraw. Second, Carpenter had "attempted in good faith" to request an extension of time to respond to the motion. (App. 161.) Third, Appellees were not entitled to summary judgment based on "many irregularities" in the motion and the "matter should be placed back on the settlement track." (App. 164.)

Appellees filed a Response in Opposition to Carpenter's motion on November 23, noting her inaction for seven months before the summary judgment motion was filed. Further, Appellees posited that the mediated settlement was irrelevant since Carpenter had not complied with its terms, instead requesting "other viable settlement alternatives . . . ." (App. 180.) Finally, Appellees urged that reconsideration was not

3

available since Carpenter was merely asking the court to rethink what it had done. Carpenter filed a Reply on December 10, essentially reinforcing the points made in the original Motion.

The District Court issued a Memorandum Opinion on December 21, 2012, finding no "manifest injustice" that would warrant reconsideration of the grant of summary judgment. Specifically, the Court noted that Carpenter had six months after learning of Wynter's withdrawal before the summary judgment motion was filed, and she still failed to comply with the relevant scheduling order, filing a response two weeks after her opposition was due. The District Court also found that the irregularities referenced by Carpenter merely demonstrated that she was seeking to engage in a fishing expedition, given that the case had been pending for six years.

On appeal, Carpenter urges that the District Court: (1) should not have permitted Wynter to withdraw, (2) should have allowed her more time to respond, (3) caused her manifest injustice, (4) should not have awarded excessive fees and costs to Appellees, and (5) should have considered the viability of the mediated settlement agreement, or referred the matter for further mediation as an equitable alternative, in light of the intervention and joinder of additional parties.

With respect to the first four issues raised, we adopt the reasoning and result of the District Court, and affirm its orders. We note that, with respect to costs and fees,

4

Carpenter never challenged this award before the District Court. We thus review that ruling for plain error and find none.[2]

As to the last issues raised by Carpenter on appeal, we note that her counsel made only passing reference to the suggestion that there was a mediated settlement. It seems clear that while there was an initial agreement mediated, with the entry of new parties and the passage of time, it was essentially nullified; Carpenter herself reneged on it, and declared that she was unable to make the payments it required. Having long since abandoned the prior settlement negotiations, Carpenter now requests that the case should be placed back on "the settlement track." (App. 164.) This is not a remedy that either the District Court or we can or would require at this juncture. Accordingly, we affirm the District Court on all counts.

---

[2] The District Court carefully considered the claimed fees and costs of Appellees, and in multiple instances subtracted expenses that were either duplicative or unexplained. (App. 18-20.)

5